**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| GEORGE ESMID COLON SUAREZ,<br>Petitioner,<br><br>vs.<br><br>JAMAL L. JAMISON, WARDEN,<br>PHILADELPHIA FEDERAL DETENTION<br>CENTER, et al.,<br>Respondent. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | CIVIL ACTION<br><br>No. 26-cv-8185-JMY |

# ORDER

**AND NOW**, this 10th day of November, 2026, upon consideration of Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1), and the Government's Response in Opposition thereto (ECF No. 5), it is hereby **ORDERED** that, for the reasons explained in the Court's November 6, 2026 memorandum opinion in *Luna v. Warden*, 26-cv-7492-JMY, ECF No. 25,[1] the petition is **GRANTED** as follows:

1. Respondents shall immediately release Petitioner from custody and file confirmation of such release on the Court's electronic docket;
2. Respondents shall return Petitioner's personal property, including identification and documents; and
3. Respondents shall not place additional restraints such as electronic monitoring on Petitioner, and shall not re-detain Petitioner under the immigration laws of the United States pending a final determination in his removal proceedings.

BY THE COURT:

/s/ *John Milton Younge*
**Judge John Milton Younge**

---

[1] As the Court explained in *Luna*, detention of a noncitizen under 8 U.S.C. § 1226(a), as the Government seeks to do here, requires both a warrant that predates the noncitizen's arrest and an individualized determination that the noncitizen is a flight risk or a danger to the community. The fact pattern of the case *sub judice* is distinguishable from that of *Luna* because in this instance, the Government comes forward with evidence to show that it obtained an arrest warrant prior to detaining the Petitioner. However, just as in *Luna*, the Government failed to make the

---

required individualized determination that Petitioner was a flight risk or danger to the community prior to detaining him. (Response in Opposition page 12-13.) Therefore, Petitioner's detention is unlawful, his arrest and detention violates due process, and exhaustion of his administrative remedies is excused. *Regalado-Nauta v. Jamison*, 2026 WL 2740528, at *3 (E.D. Pa. Sept. 16, 2026) ("The initial custody determination requires an individualized determination as to whether the non-citizen is a danger to property or persons and is likely to appear for any future proceeding."); *Vieira Dos Reis v. McShane*, 2026 WL 1746649, at *4 (E.D. Pa. June 17, 2026) ("A later bond hearing does not necessarily cure the alleged constitutional deprivation that preceded it.").